IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GERALD DEXTER JONES,

                Plaintiff

VS.

IRA EDWARDS, *et al.*,

                Defendants

NO. 3:06-CV-35 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

On December 8, 2006, defendant IRA EDWARDS filed a motion seeking summary judgment against plaintiff GERALD DEXTER JONES. Tab #32. On December 11, 2006, the undersigned issued an order directing plaintiff to file a response to the motion. Tabs #34. Having been given more than an ample time to respond, plaintiff has failed to do so.

Defendant Edwards has asserted that the plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e. Edwards has provided the affidavit of Alexander J. Burke, attached to which is the standard operating procedure regarding the inmate grievance procedure that were in force when the plaintiff's allegations came about. Tab #32-4.

Based on the evidence provided by defendant Edwards, which is uncontroverted by the plaintiff, it is clear that the plaintiff did not exhaust the administrative remedies available to him with respect to the allegations involved in his complaint. Accordingly, IT IS RECOMMENDED that defendant Edwards' Motion for Summary Judgment (Tab #32) be treated as a **MOTION TO DISMISS** and be GRANTED, thereby dismissing the plaintiff's claims against defendant *without prejudice*.[1]

---

[1] Dismissals for failure to exhaust administrative remedies must be without prejudice. Thus, it would be inappropriate to enter summary judgment against the plaintiff.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 18th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE