IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GERALD DEXTER JONES,

               Plaintiff

VS.

IRA EDWARDS, *et al.*

               Defendants

NO. 3:06-CV-35 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Defendants SOUTHERN HEALTH PARTNERS and CATHY MINISH have filed motions seeking summary judgment against the plaintiff in the above-styled case. Tab #22. Although plaintiff was advised of his right and duty to respond to the defendants' motion (Tabs #26), he has failed to do so adequately.[1] Although plaintiff has not filed an adequate response to the defendants' motion, it is still the responsibility of the court to ensure that the defendants have met the summary judgment standard and that there are no unanswered issues of fact to be determined before the court can grant judgment.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tabs #51 and #52), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

---

[1] The only response the plaintiff has filed with respect to either motion is a letter addressed to the undersigned that comes without a certificate of service and relates to the three cases this plaintiff filed contemporaneously. Tab #28. That document provides no evidence in support of his claim.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION[2]

As explained above, the plaintiff has provided no evidence in support of his claim, and the court is forced to take all evidence submitted by defendants Minish and Southern Health Partners as being true. The uncontested facts demonstrate that the plaintiff received adequate medical care for the time period in question and do not establish that the plaintiff ever had a serious medical need or that any defendant expressed deliberate indifference toward any serious need as is required to state a §1983 case in a prisoner medical treatment case. ***Farmer v. Brennan***, 511 U.S. 825 (1994).

- 2 -

---

[2]The undersigned has heretofore recommended that Defendant IRA EDWARDS be dismissed from this action based on the plaintiff's failure to exhaust his administrative remedies. **Tab #35.** Defendants Minish and McMunn did not assert that affirmative defense. And even though the undersigned previously recommended dismissing the claims against defendant Edwards on the exhaustion grounds, the same cannot be done with defendants who have not affirmatively pled the defense of failure to exhaust administrative remedies. *See **Jones v. Boch***, 127 S.Ct. 910 (2007) (Making clear that failure to exhaust administrative remedies is an affirmative defense which must be pled by defendants). Since these defendants have not pled such a defense, this court should look to the merits of the case with respect to defendants Minish and McMunn.

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION FOR SUMMARY JUDGMENT** (Tab #22) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 18th day of JULY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE